UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,                                          Docket No.: _____

                              Plaintiff,                               **COMPLAINT**

                           v.

DANIEL RICCIARDI and MARGARET RICCIARDI,

                            Defendants.
-------------------------------------------------------------------X

## **COMPLAINT**

Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm"), by its attorneys, Rivkin Radler LLP, for its complaint against the defendants, hereby alleges as follows:

1. This is a declaratory judgment action under 28 U.S.C. §2201. By this action, State Farm seeks a declaration that it has no coverage obligations to its insured, defendant Daniel Ricciardi ("Daniel"), in connection with a lawsuit brought against Daniel by his spouse, defendant Margaret Ricciardi ("Margaret").

## **PARTIES**

2. State Farm is an insurance company, duly incorporated under the laws of the State of Illinois, with its principal place of business located at One State Farm Plaza, Bloomington, Illinois 61710. At all relevant times, State Farm was authorized to issue and sell insurance policies in the State of New York.

3. Daniel is a natural person who resides at 178 State Street in Kings County, New York, and is a citizen of the State of New York.

4. Margaret is a natural person who resides at 178 State Street in Kings County, New York, and is a citizen of the State of New York. Margaret is the spouse of Daniel.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a) because (1) upon information and belief, the amount in controversy exceeds $75,000 exclusive of interest and costs; and (2) complete diversity of citizenship exists between Plaintiff and all Defendants.

6. Venue in this District is proper pursuant to 28 U.S.C. §§1391(a)(1) and 1391(a)(2), as a substantial part of the events giving rise to the claim occurred in the Eastern District of New York, and all of the Defendants reside in this District.

## UNDERLYING FACTS

## INSURANCE

7. State Farm issued, to Daniel as named insured, Policy No. 3611-173-52A ("the Policy"). The Policy was in effect from September 20, 2023 until March 23. 2024. It provided, among other coverages, automobile liability coverage for bodily injury in the amount of $250,000 each person and $500,000 each accident. The pertinent portions of the Policy are attached as Exhibit A.

8. The Insuring Agreement of the Policy provides:

> 1. *We* will pay damages an *insured* becomes legally liable to pay because of:
>
>    a. *bodily injury* to others; and
>
>    b. damage to property
>
> caused by an accident that involves a vehicle for which that *insured* is provided Liability Coverage by this policy.
>
> 2. *We* have:
>
>    a. the right to investigate, negotiate, and settle any claim or lawsuit;

b. the duty to defend an *insured* in any claim or lawsuit, with attorneys chosen by *us*; and

c. the right to appeal any award or legal decision

for damages payable under this policy's Liability Coverage.

9. Exclusion 2 to the Liability Coverage provides (capitalization, Italics and bold in original):

> THERE IS NO COVERAGE FOR AN ***INSURED*** FOR ***BODILY INJURY*** TO THAT ***INSURED'S*** SPOUSE, OR FOR DAMAGE TO PROPERTY OF THAT ***INSURED'S*** SPOUSE. THIS EXCLUSION SHALL APPLY ONLY WHERE THE INSURED SPOUSE, TO BE ENTITLED TO RECOVER, MUST PROVE THE CULPABLE CONDUCT OF THE ***INSURED***.

10. Section 3420(g)(2)(A) of the New York Insurance Law provides that:

> Every insurer issuing or delivering any policy that satisfies the requirements of article six of the vehicle and traffic law shall provide coverage in such policy against liability of an insured because of death of or injuries to his or her spouse up to the liability insurance limits provided under such policy even where the injured spouse, to be entitled to recover, must prove the culpable conduct of the insured spouse, unless the insured elects, in writing and in such form as the superintendent determines, to decline and refuse such coverage in his or her policy. Such insurance coverage shall be known as "supplemental spousal liability insurance".

11. The regulation that implements this section, namely, 11 NYCRR §60-1.6(3), provides that:

> If a named insured elects, in writing, and in such form as the superintendent determines, to decline and refuse SSL [i.e. "supplemental spousal liability"] insurance, the policy will not include SSL insurance. An insurer shall not be required to obtain a written declination at each renewal or amendment of the policy if a named insured previously submitted a written declination of SSL insurance. An insurer may obtain an electronic written declination if the insurer adheres to the requirements of Insurance Law section 3458 regarding electronic notices and documents.

12. In this case, Daniel elected, in writing, in such form as the superintendent determined, to decline and refuse supplemental spousal liability insurance. His Supplemental Spousal Liability Insurance Declination ("Declination"), which Daniel signed on June 26, 2023, is attached as Exhibit B.

13. If follows that the Policy does not provide supplemental spousal liability insurance.

14. The Policy, as originally issued, covered a 2023 BMW with Vehicle Identification Number 5UXCR6C08P9R78817. This vehicle was totaled in an accident.

15. The Policy was thereafter amended to cover a 2024 BMW with Vehicle Identification Number 5UX23EU09R9T95262.

16. As was stated above, 11 NYCRR §60-1.6(3) provides that "An insurer shall not be required to obtain a written declination at each renewal or amendment of the policy if a named insured previously submitted a written declination of SSL insurance." Therefore, the Declination which Daniel signed on June 26, 2023 applied to the policy even after it was amended to cover the 2024 BMW.

17. In sum, on October 8, 2023, the Policy did not provide coverage for bodily injury to Daniel's spouse, Margaret.

**UNDERLYING LAWSUIT**

18. Margaret has commenced a lawsuit against Daniel in Supreme Court, Kings County, entitled *Margaret Ricciardi v. Daniel Ricciardi*, No. 512118/2024 (Sup. Ct. Kings Cty.) ("the Lawsuit"). The Summons and Complaint in the Lawsuit is attached as Exhibit C.

19. It is alleged in the Lawsuit that on October 8, 2023, Daniel was operating the 2024 BMW that is covered by the Policy in Pawling, New York.

20. It is alleged in the Lawsuit that at that time, Margaret was standing outside, but near, the 2024 BMW that Daniel was operating.

21. It is alleged in the Lawsuit that at that time, the 2024 BMW that Daniel was operating came in contact with Margaret, causing her to suffer severe and serious personal injuries to her mind and body, and that she was subjected to great physical pain and mental anguish.

22. Margaret commenced the Lawsuit against Daniel, alleging negligence, and seeking damages.

23. The only relief that is sought in the Lawsuit is damages for bodily injury to Daniel's spouse, Margaret.

24. As an accommodation to Daniel, State Farm retained, under a full reservation of rights, the firm Scahill Law Group to defend Daniel against the Lawsuit, until such time as all issues regarding insurance coverage for the Lawsuit could be resolved.

25. For the reasons set forth above, there is no coverage for the Lawsuit under the Policy. Therefore, State Farm has no duty to defend or indemnify Daniel in the Lawsuit, and Scahill Law Group may withdraw as counsel to Daniel in the Lawsuit.

## **FIRST CAUSE OF ACTION**

26. State Farm repeats paragraphs 1 through 25.

27. The Liability Coverage of the Policy provides:

> THERE IS NO COVERAGE FOR AN ***INSURED*** FOR ***BODILY INJURY*** TO THAT ***INSURED'S*** SPOUSE, OR FOR DAMAGE TO PROPERTY OF THAT ***INSURED'S*** SPOUSE. THIS EXCLUSION SHALL APPLY ONLY WHERE THE INSURED SPOUSE, TO BE ENTITLED TO RECOVER, MUST PROVE THE CULPABLE CONDUCT OF THE ***INSURED***.

28. At all pertinent times, Margaret was the spouse of Daniel, the insured. The Lawsuit seeks recovery for bodily injury to Margaret. Margaret, in order to be entitled to recover, must prove the culpable conduct of Daniel. Therefore, this exclusion excludes coverage for Daniel for the Lawsuit under the Policy.

29. State Farm has no duty to defend or indemnify Daniel in the Lawsuit.

## SECOND CAUSE OF ACTION

30. State Farm repeats paragraphs 1 through 29.

31. On June 26, 2023, Daniel signed a Supplemental Spousal Liability Insurance Declination ("Declination"), which is attached as Exhibit B.

32. At all pertinent times, Margaret was the spouse of Daniel, the insured. Therefore, there is no coverage for the Lawsuit under the Policy.

33. State Farm has no duty to defend or indemnify Daniel in the Lawsuit.

## PRAYER FOR RELIEF

**WHEREFORE,** State Farm requests that this Court enter a judgment declaring that:

A. State Farm has no duty to defend Daniel in the Lawsuit.

B. State Farm has no duty to indemnify Daniel in the Lawsuit.

C. Scahill Law Group may withdraw immediately as counsel to Daniel in the Lawsuit.

    D. Any other relief which to this Court seems just and proper.

Dated: Uniondale, New York
        June 20, 2024

                                            */s/ M. Paul Gorfinkel*
                                            RIVKIN RADLER LLP
                                            M. Paul Gorfinkel, Esq. (MPG 2069)
                                            926 RXR Plaza
                                            Uniondale, New York 11556-0926
                                            (516) 357-3000

                                            Attorneys for Plaintiff STATE FARM
                                            MUTUAL AUTOMOBILE INSURANCE
                                            COMPANY