# EXHIBIT A



Please read the policy carefully. If there is an accident, contact your State Farm agent or one of our Claim Offices at once. (See "INSURED'S DUTIES" in this policy booklet.)

State Farm®
**Car Policy**
Booklet

**New York**
Policy Form 9832A

# CONTENTS

**THIS POLICY** ............................................. 3

**DEFINITIONS** ........................................... 3

**LIABILITY COVERAGE** ........................... 6

    Additional Definition .................................. 6

    Insuring Agreement .................................... 6

    Supplementary Payments ........................... 7

    Limits ......................................................... 7

    Nonduplication ........................................... 8

    Exclusions ................................................. 8

    If Other Liability Coverage Applies............ 9

    Required Out-of-State Coverage .................. 9

    Financial Responsibility Certification......... 9

**MEDICAL PAYMENTS COVERAGE** ..... 10

    Additional Definitions............................. 10

    Insuring Agreement.................................. 10

    Determining Medical Expenses ................ 11

    Arbitration............................................... 11

    Limit........................................................ 11

    Nonduplication......................................... 12

    Exclusions ............................................... 12

    If Other Medical Payments Coverage or
Similar Vehicle Insurance Applies ........... 13

    Our Payment Options............................... 14

**PHYSICAL DAMAGE COVERAGES** .... 14

    Additional Definitions............................. 15

    Insuring Agreements ................................ 15

    Supplementary Payments –
Comprehensive Coverage and
Collision Coverage................................... 17

    Limits and Loss Settlement –
Comprehensive Coverage and
Collision Coverage ................................... 18

    Limits – Car Rental and Travel
Expenses Coverage .................................. 20

    Nonduplication......................................... 20

    Exclusions ............................................... 20

    If Other Physical Damage Coverage or
Similar Coverage Applies.......................... 22

    Vehicle Custody ....................................... 22

    Financed Vehicle ...................................... 22

    Our Payment Options .............................. 23

    New York Mandatory Inspection Provision . 23

    New York Mandatory Automobile Repairs
Provision ................................................. 23

**DEATH, DISMEMBERMENT AND
LOSS OF SIGHT COVERAGE** ............... 24

    Additional Definition ............................... 24

    Insuring Agreement .................................. 24

    Benefit ..................................................... 24

    Exclusions ............................................... 25

    Our Payment Options ............................... 25

**INSURED'S DUTIES** ............................... 26

    Notice to Us of an Accident or Loss.......... 26

    Notice to Us of a Claim or Lawsuit............ 26

    Insured's Duty to Cooperate With Us......... 26

    Questioning Under Oath............................ 26

    Other Duties Under the Physical
Damage Coverages.................................... 26

    Other Duties Under Medical Payments
Coverage and Death, Dismemberment and
Loss of Sight Coverage ............................ 27

**GENERAL TERMS** ................................... 27

    When Coverage Applies............................ 27

    Where Coverage Applies........................... 27

    Changes to This Policy............................. 28

    Premium ................................................... 28

    Renewal ................................................... 29

    Nonrenewal .............................................. 29

    Cancellation.............................................. 29

    Assignment............................................... 30

    Bankruptcy or Insolvency of the Insured .. 30

    Concealment or Fraud .............................. 30

    Our Right to Recover Our Payments......... 30

    Legal Action Against Us .......................... 31

    Choice of Law .......................................... 31

    Severability............................................... 31

**THIS POLICY**

1. This policy consists of:

   a. the most recently issued Declarations Page;

   b. the policy booklet version shown on that Declarations Page; and

   c. any endorsements that apply, including those listed on that Declarations Page as well as those issued in connection with any subsequent renewal of this policy.

2. This policy contains all of the agreements between all named insureds who are shown on the Declarations Page and all applicants and:

   a. *us*; and

   b. any of *our* agents.

3. *We* agree to provide insurance according to the terms of this policy:

   a. based on payment of premium for the coverages chosen; and

   b. unless otherwise stated in "EXCEPTIONS, POLICY BOOKLET, AND ENDORSE-MENTS" on the Declarations Page, in reliance on the following statements:

   (1) The named insured shown on the Declarations Page is the sole owner of *your car*.

   (2) Neither *you* nor any member of *your* household has, within the past three years, had:

      (a) vehicle insurance canceled or nonrenewed by an insurer; or

      (b) either:

         (i) a license to drive; or

         (ii) a vehicle registration

         suspended, revoked, or refused.

   (3) *Your car* is used for pleasure and business.

4. All named insureds shown on the Declarations Page and all applicants agree by acceptance of this policy that:

   a. the statements in 3.b. above are made by such named insured or applicant and are true; and

   b. *we* provide this insurance on the basis those statements are true.


**DEFINITIONS**

*We* define certain words and phrases below for use throughout the policy. Each coverage includes additional definitions only for use with that coverage. These definitions apply to the singular, plural, and possessive forms of these words and phrases. Defined words and phrases are printed in boldface italics.

*Bodily Injury* means bodily injury to a *person* and sickness, disease, or death that results from it.

*Car* means a land motor vehicle with four or more wheels, designed for use primarily on public roads. It does not include:

1. Any vehicle while located for use as a dwelling or other premises; or

2. A truck-tractor designed to pull any type of trailer.

*Car Business* means a business or job where the purpose is to sell, lease, rent, repair, service, modify, transport, store, or park land motor vehicles or any type of trailer.

*Fungi* means any type or form of fungus or fungi and includes:

1. Mold;

2. Mildew; and

3. Any of the following that are produced or released by fungi:

    a. Mycotoxins;

    b. Spores;

    c. Scents; or

    d. Byproducts.

***Newly Acquired Car*** means a *car* newly ***owned by you***. A *car* ceases to be a ***newly acquired car*** on the earlier of:

1. the effective date and time of a policy, including any binder, issued by ***us*** or any other company that describes the *car* as an insured vehicle; or

2. the end of the 14th calendar day immediately following the date the *car* is delivered to ***you***.

If a ***newly acquired car*** is not otherwise afforded comprehensive coverage or collision coverage by this or any other policy, then this policy will provide Comprehensive Coverage or Collision Coverage for that ***newly acquired car***, subject to a deductible of $500. Any coverage provided as a result of this paragraph will apply only until the end of the 5th calendar day immediately following the date the ***newly acquired car*** is delivered to ***you***.

If ***you*** want to insure a *car* newly ***owned by you*** with the ***State Farm Companies*** after that *car* ceases to be a ***newly acquired car***, then ***you*** must either:

1. request ***we*** replace the *car* currently shown on the Declarations Page of this policy with the *car* newly ***owned by you*** and pay ***us*** any added amount due. If ***you*** make such request while this policy is in force and:

    a. before the *car* newly ***owned by you*** ceases to be a ***newly acquired car***, then that *car* newly ***owned by you*** will be insured by this policy as ***your car*** beginning on the date the *car* newly ***owned by you*** is delivered to ***you***. The added amount due will be calculated based on that date; or

    b. after the *car* newly ***owned by you*** ceases to be a ***newly acquired car***, then that *car* newly ***owned by you*** will be insured by this policy as ***your car*** beginning on the date and time ***you*** make the request. The added amount due will be calculated based on that date.

    However, if the replacement *car* is a ***private passenger car***, then this policy will provide Liability Coverage regardless of whether ***we*** are asked to insure it; or

2. apply to the ***State Farm Companies*** for a separate policy to insure the *car* newly ***owned by you***. Such policy will be issued only if both the applicant and the vehicle are eligible for coverage at the time of the application.

    However, if the added *car* is a ***private passenger car***, then ***we*** will issue Liability Coverage regardless of whether the applicant is otherwise ineligible.

***Non-Owned Car*** means a *car* that is in the lawful possession of ***you*** or any ***resident relative*** and that neither:

1. is ***owned by***; nor

2. furnished or available for the regular use of ***you*** or any ***resident relative.***

***Occupying*** means in or upon or entering into or alighting from.

***Our*** means the Company issuing this policy as shown on the Declarations Page.

***Owned By*** means:

1. owned by;

2. registered to; or

3. leased, if the lease is written for a period of 31 or more consecutive days, to.

***Pedestrian*** means a ***person*** who is not ***occupying***:

1. a motorized vehicle; or

2. a vehicle designed to be pulled by a motorized vehicle.

***Person*** means a human being.

***Private Passenger Car*** means:

1. a ***car*** of the private passenger type, other than a pickup truck, van, minivan, or sport utility vehicle, designed primarily to carry ***persons*** and their luggage; or

2. a pickup truck, van, minivan, or sport utility vehicle:

    a. that is not used for:

        (1) wholesale; or

        (2) retail

        pick up or delivery; and

    b. that has a Gross Vehicle Weight Rating of 10,000 pounds or less.

***Resident Relative*** means a ***person***, other than ***you***, who resides primarily with the first ***person*** shown as a named insured on the Declarations Page and who is:

1. related to that named insured or his or her spouse by blood, marriage, or adoption, including an unmarried and unemancipated child of either who is away at school and otherwise maintains his or her primary residence with that named insured; or

2. a ward or a foster child of that named insured, his or her spouse, or a ***person*** described in 1. above.

***State Farm Companies*** means one or more of the following:

1. State Farm Mutual Automobile Insurance Company;

2. State Farm Fire and Casualty Company; and

3. Subsidiaries or affiliates of either 1. or 2. above.

***Temporary Substitute Car*** means a ***car*** that is in the lawful possession of the ***person*** operating it and that:

1. replaces ***your car*** for a short time while ***your car*** is out of use due to its:

    a. breakdown;

    b. servicing;

    c. repair;

    d. loss; or

    e. destruction; and

2. neither ***you*** nor the ***person*** operating it own or have registered.

If a ***car*** qualifies as both a ***non-owned car*** and a ***temporary substitute car***, then it is considered a ***temporary substitute car*** only.

***Trailer*** means:

1. only those trailers:

    a. designed to be pulled by a ***private passenger car***;

    b. not designed to carry ***persons***; and

    c. while not used as premises for office, store, or display purposes; or

2. a farm implement or farm wagon while being pulled on public roads by a ***car***.

***Us*** means the Company issuing this policy as shown on the Declarations Page.

***We*** means the Company issuing this policy as shown on the Declarations Page.

***You*** or ***Your*** means the named insured or named insureds shown on the Declarations Page. If a named insured shown on the Declarations Page is a ***person***, then "***you***" or "***your***" includes the spouse of the first ***person*** shown as a named insured if the spouse resides primarily with that named insured.

***Your Car*** means the vehicle shown under "YOUR CAR" on the Declarations Page. ***Your Car*** does not include a vehicle that ***you*** no longer own or lease.

If a ***car*** is shown on the Declarations Page under "YOUR CAR", and ***you*** ask ***us*** to replace it with a ***car*** newly ***owned by you***, then the ***car*** being replaced will continue to be considered ***your car*** until the earliest of:

1.  the end of the 30th calendar day immediately following the date the *car* newly *owned by you* is delivered to *you*;

2.  the date this policy is no longer in force; or

3.  the date *you* no longer own or lease the *car* being replaced.

## LIABILITY COVERAGE

This policy provides Liability Coverage if "A" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definition**

*Insured* means:

1.  *you* and *resident relatives* for:

    a.  the ownership, maintenance, or use of:

        (1) *your car*;

        (2) a *newly acquired car*; or

        (3) a *trailer*; and

    b.  the maintenance or use of:

        (1) a *non-owned car*; or

        (2) a *temporary substitute car*;

2.  the first *person* shown as a named insured on the Declarations Page and that named insured's spouse who resides primarily with that named insured for the maintenance or use of a *car* that is *owned by*, or furnished or available for the regular use of, a *person* who resides primarily in *your* household, but only if such *car* is neither *owned by*, nor furnished or available for the regular use of, the first *person* shown as a named insured on the Declarations Page or that *person's* spouse;

3.  any other *person* for his or her use of:

    a.  *your car*;

    b.  a *newly acquired car*;

    c.  a *temporary substitute car*; or

    d.  a *trailer* while attached to a *car* described in a., b., or c. above.

Such vehicle must be used within the scope of *your* consent; and

4.  any other *person* or organization vicariously liable for the use of a vehicle by an *insured* as defined in 1., 2., or 3. above, but only for such vicarious liability. This provision applies only if the vehicle is neither *owned by*, nor hired by, that other *person* or organization.

*Insured* does not include the United States of America or any of its agencies.

**Insuring Agreement**

1.  *We* will pay:

    a.  damages an *insured* becomes legally liable to pay because of:

        (1) *bodily injury* to others; and

        (2) damage to property

        caused by an accident that involves a vehicle for which that *insured* is provided Liability Coverage by this policy;

    b.  attorney fees for attorneys chosen by *us* to defend an *insured* who is sued for such damages, regardless of whether the claim or lawsuit is groundless; and

    c.  all costs taxed against an *insured* and resulting from that part of a lawsuit:

        (1) that seeks damages payable under this policy's Liability Coverage; and

        (2) against which *we* defend an *insured* with attorneys chosen by *us*.

2. *We* have:

   a. the right to investigate, negotiate, and settle any claim or lawsuit;

   b. the duty to defend an ***insured*** in any claim or lawsuit, with attorneys chosen by ***us***; and

   c. the right to appeal any award or legal decision

for damages payable under this policy's Liability Coverage.

**Supplementary Payments**

*We* will pay, in addition to the damages, fees, and costs described in the **Insuring Agreement** above, the interest, premiums, costs, and expenses listed below that result from such accident:

1. Interest on damages owed by the ***insured*** that accrues:

   a. before a judgment, where owed by law, but only on that part of the judgment *we* pay; and

   b. after a judgment. *We* will not pay interest on damages paid or payable by a party other than the ***insured*** or ***us***.

*We* have no duty to pay interest that accrues after *we* deposit in court, pay, or offer to pay, the amount due under this policy's Liability Coverage;

2. Premiums for bonds, provided by a company chosen by ***us***, required to obtain the release of an ***insured's*** property attached under a court order or appeal a decision in a lawsuit against an ***insured***. *We* have no duty to:

   a. pay for bonds that exceed this policy's applicable Liability Coverage limit;

   b. furnish or apply for any bonds; or

   c. pay premiums for bonds purchased after *we* deposit in court, pay, or offer to pay, the amount due under this policy's Liability Coverage;

3. The following costs and expenses if related to and incurred after a lawsuit has been filed against an ***insured***:

   a. Loss of wages or salary, but not other income, up to $200 for each day an ***insured*** attends, at ***our*** request:

     (1) an arbitration;

     (2) a mediation; or

     (3) a trial of a lawsuit; and

   b. Reasonable expenses incurred by an ***insured*** at ***our*** request other than loss of wages, salary, or other income.

The amount of any of the costs or expenses listed above that are incurred by an ***insured*** must be reported to ***us*** before *we* will pay such incurred costs or expenses; and

4. Expenses incurred by an ***insured*** for first aid to others at the time of the accident. The amount of first aid expenses that are incurred by an ***insured*** must be reported to ***us*** before *we* will pay such incurred expenses.

5. All expenses incurred by the company.

**Limits**

The Liability Coverage limits for ***bodily injury*** are shown on the Declarations Page under "Liability Coverage – Bodily Injury Limits – Each Person, Each Accident."

The limit shown under "Each Person" is the most *we* will pay for all damages resulting from ***bodily injury*** to any one ***person*** injured in any one accident, including all damages sustained by other ***persons*** as a result of that ***bodily injury***. The limit shown under "Each Accident" is the most *we* will pay, subject to the limit for "Each Person", for all damages resulting from ***bodily injury*** to two or more ***persons*** injured in the same accident.

However, if the ***bodily injury*** results in death, the most ***we*** will pay for all damages resulting from the death of any one ***person*** injured in any one accident, including all damages sustained by other ***persons*** as a result of that death, is the higher of the "Each Person" limit shown on the Declarations Page or $50,000. Subject to the limit for the death of any one ***person***, the most ***we*** will pay for all damages resulting from the death of two or more ***persons*** injured in the same accident is the higher of the "Each Accident" limit shown on the Declarations Page or $100,000.

The Liability Coverage limit for damage to property is shown on the Declarations Page under "Liability Coverage – Property Damage Limit – Each Accident". The limit shown is the most ***we*** will pay for all damages resulting from damage to property in any one accident.

These Liability Coverage limits are the most ***we*** will pay regardless of the number of:

1. ***insureds***;
2. claims made;
3. vehicles insured; or
4. vehicles involved in the accident.

**Nonduplication**

***We*** will not make any duplicate payments under Liability Coverage that have already been paid as expenses under Medical Payments Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***.

**Exclusions**

THERE IS NO COVERAGE FOR AN ***INSURED***:

1. WHO INTENTIONALLY CAUSES, OR DIRECTS ANOTHER TO CAUSE, ***BODILY INJURY*** OR DAMAGE TO PROPERTY;
2. FOR ***BODILY INJURY*** TO THAT ***INSURED'S*** SPOUSE, OR FOR INJURY TO PROPERTY OF THAT ***INSURED'S*** SPOUSE. THIS EXCLUSION SHALL APPLY ONLY WHERE THE INJURED SPOUSE, TO BE ENTITLED TO RECOVER, MUST PROVE THE CULPABLE CONDUCT OF THE ***INSURED***;
3. OR FOR THAT ***INSURED'S*** INSURER FOR ANY OBLIGATION UNDER ANY TYPE OF WORKERS' COMPENSATION, UNEMPLOYMENT COMPENSATION, DISABILITY, OR SIMILAR LAW;
4. FOR ***BODILY INJURY*** TO THAT ***INSURED'S*** EMPLOYEE WHICH ARISES OUT OF THAT EMPLOYEE'S EMPLOYMENT. This exclusion does not apply to that ***insured's*** household employee who is neither covered, nor required to be covered, under workers' compensation insurance;
5. FOR ***BODILY INJURY*** TO THAT ***INSURED'S*** FELLOW EMPLOYEE WHILE THE FELLOW EMPLOYEE IS IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT. THIS EXCLUSION ONLY APPLIES IF THE FELLOW EMPLOYEE IS ENTITLED TO BENEFITS UNDER WORKERS' COMPENSATION, UNEMPLOYMENT COMPENSATION OR DISABILITY BENEFITS OR ANY SIMILAR LAW. This exclusion does not apply to ***you*** and ***resident relatives*** who are legally liable for ***bodily injury*** to fellow employees;
6. FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS BEING USED TO CARRY ***PERSONS*** FOR A CHARGE. This exclusion does not apply to the use of a ***private passenger car*** on a share-the-expense basis;
7. WHILE MAINTAINING OR USING A VEHICLE IN CONNECTION WITH THAT ***INSURED'S*** EMPLOYMENT IN OR ENGAGEMENT OF ANY KIND IN A ***CAR BUSINESS***. This exclusion does not apply to:
   a. ***you***;

b. any *resident relative*; or

c. any agent, employee, or partner of a. or b. above

while maintaining or using *your car*, a *newly acquired car*, a *temporary substitute car*, or a *trailer*;

8. WHILE MAINTAINING OR USING ANY VEHICLE OTHER THAN *YOUR CAR*, A *NEWLY ACQUIRED CAR*, A *TEMPORARY SUBSTITUTE CAR*, OR A *TRAILER* IN ANY BUSINESS OR OCCUPATION OTHER THAN A *CAR BUSINESS*. This exclusion does not apply to the maintenance or use of a *private passenger car*;

9. FOR DAMAGE TO PROPERTY WHILE IT IS:

a. *OWNED BY*;

b. RENTED TO;

c. USED BY;

d. IN THE CARE OF; OR

e. TRANSPORTED BY

*YOU*, A *RESIDENT RELATIVE*, OR THE *PERSON* WHO IS LEGALLY LIABLE FOR THE DAMAGE. This exclusion does not apply to either damage to a residence while rented to or leased to an *insured* or damage to a private garage while rented to or leased to an *insured*;

10. FOR LIABILITY ASSUMED UNDER ANY CONTRACT OR AGREEMENT;

11. WHILE USING A *TRAILER* WITH A MOTOR VEHICLE IF THAT *INSURED* IS NOT PROVIDED LIABILITY COVERAGE BY THIS POLICY FOR THE USE OF THAT MOTOR VEHICLE; OR

12. WHO IS AN EMPLOYEE OF THE UNITED STATES OF AMERICA OR ANY OF ITS AGENCIES, IF THE PROVISIONS OF THE FEDERAL TORT CLAIMS ACT APPLY.

**If Other Liability Coverage Applies**

If other valid and collectible vehicle liability coverage applies, then *we* will pay the proportion of damages payable that *our* applicable limit bears to the sum of *our* applicable limit and the limits of all other valid and collectible liability coverage that applies to the accident.

However, the Liability Coverage provided by this policy applies as excess coverage over any other valid and collectible coverage provided for a *non-owned car* or a *temporary substitute car*.

**Required Out-of-State Coverage**

If:

1. an *insured* is in another state of the United States of America, a territory or possession of the United States of America, the District of Columbia, or any province or territory of Canada, and as a nonresident becomes subject to its motor vehicle compulsory insurance law, financial responsibility law, or similar law; and

2. this policy does not provide at least the minimum amount and kind of coverage required by such law for such nonresident,

then this policy will be interpreted to provide the minimum coverage required by such law.

This provision does not apply to coverage required by law for motor carriers of passengers or motor carriers of property.

**Financial Responsibility Certification**

When this policy is certified under any law as proof of future financial responsibility, and while required during the policy period, this policy will comply with such law to the extent required.

# MEDICAL PAYMENTS COVERAGE

This policy provides Medical Payments Coverage if "C" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definitions**

*Insured* means:

1. *you* and *resident relatives:*

    a. while *occupying*:

        (1) *your car*;

        (2) a *newly acquired car*;

        (3) a *temporary substitute car*;

        (4) a *non-owned car*; or

        (5) a *trailer* while attached to a *car* described in (1), (2), (3), or (4) above; or

    b. if struck as a *pedestrian* by a motor vehicle or any type of trailer; and

2. any other *person* while *occupying*:

    a. *your car*;

    b. a *newly acquired car*;

    c. a *temporary substitute car*; or

    d. a *trailer* while attached to a *car* described in a., b., or c. above.

    Such vehicle must be used within the scope of *your* consent.

*Medical Expenses* mean *reasonable expenses* for *medical services*.

*Medical Services* mean treatments, procedures, products, and other services that are:

1. necessary to achieve maximum medical improvement for the *bodily injury*;

2. rendered by a healthcare provider:

    a. who is licensed as a healthcare provider if a license is required by law; and

    b. within the legally authorized scope of that healthcare provider's practice;

3. commonly and customarily recognized throughout the medical profession and within the United States of America as appropriate for the treatment of the *bodily injury*;

4. primarily designed to serve a medical purpose;

5. not experimental; and

6. not for research purposes.

*Reasonable Expenses* mean the lowest one of the following charges:

1. The usual and customary fees charged by a majority of healthcare providers who provide similar *medical services* in the geographical area in which the charges were incurred;

2. The fee specified in any fee schedule:

    a. applicable to medical payments coverage, no-fault coverage, or personal injury protection coverage included in motor vehicle liability policies issued in the state where *medical services* are provided; and

    b. as prescribed or authorized by the law of the state where *medical services* are provided;

3. The fees agreed to by both the *insured's* healthcare provider and *us*; or

4. The fees agreed upon between the *insured's* healthcare provider and a third party when *we* have a contract with such third party.

**Insuring Agreement**

*We* will pay:

1. *medical expenses* incurred because of *bodily injury* that is sustained by an *insured* and caused by a motor vehicle accident if:

    a. that *insured* is first provided *medical services* within one year immediately following the date of the accident; and

b. such *medical expenses* are for *medical services* that are provided within three years immediately following the date of the accident; and

2. funeral expenses incurred for an *insured* who dies within three years immediately following the date of a motor vehicle accident if the death is a direct result of *bodily injury* sustained in such accident.

**Determining Medical Expenses**

*We* have the right to:

1. obtain and use:

   a. utilization reviews;

   b. peer reviews; and

   c. medical bill reviews

   to determine if the incurred charges are *medical expenses*;

2. use a medical examination of the *insured* to determine if:

   a. the *bodily injury* was caused by a motor vehicle accident; and

   b. the expenses incurred are *medical expenses*; and

3. enter into a contract with a third party that has an agreement with the *insured's* healthcare provider to charge fees as determined by that agreement.

**Arbitration**

1. If there is a disagreement as to whether incurred charges are *medical expenses*, then the disagreement will be resolved by arbitration upon written request of the *insured* or *us*.

2. The arbitration will take place in the county in which the *insured* resides unless the parties agree to another location.

   The *insured* and *we* will each select a competent arbitrator. These two arbitrators will select a third competent arbitrator. If they are unable to agree on the third arbitrator within 30 days, then either the *insured*

or *we* may petition a court that has jurisdiction to select the third arbitrator.

Each party will pay the cost of its own arbitrator, attorneys, and expert witnesses, as well as any other expenses incurred by that party. Both parties will share equally the cost of the third arbitrator.

3. The arbitrators shall only decide whether incurred charges are *medical expenses*. Arbitrators shall have no authority to decide any other questions of fact, decide any questions of law, or conduct arbitration on a class-wide or class-representative basis.

4. A written decision that is both agreed upon by and signed by any two arbitrators, and that also contains an explanation of how they arrived at their decision, will be binding on:

   a. *us*;

   b. the *insured*;

   c. any assignee of the *insured*; and

   d. any *person* or organization with whom the *insured* expressly or impliedly contracts for *medical services*.

5. Subject to 1., 2., 3., and 4. above, state court rules governing procedure and admission of evidence will be used.

6. *We* do not waive any of *our* rights by submitting to arbitration.

**Limit**

The Medical Payments Coverage limit is shown on the Declarations Page under "Medical Payments Coverage – Limit – Each Person". This limit is the most *we* will pay for the *medical expenses* and funeral expenses combined, incurred by or on behalf of any one *insured* as a result of any one accident, regardless of the number of:

1. *insureds*;

2. claims made;

3. vehicles insured; or

4. vehicles involved in the accident.

Subject to the limit shown on the Declarations Page, the most *we* will pay for funeral expenses incurred for any one *insured* is $3,000.

**Nonduplication**

*We* will not pay any *medical expenses* or funeral expenses under Medical Payments Coverage that have already been paid:

1. as damages under Liability Coverage, Uninsured Motorists Coverage, or Supplementary Uninsured/Underinsured Motorists Coverage of any policy issued by the *State Farm Companies* to *you* or any *resident relative*; or

2. by or on behalf of a party who is legally liable for the *insured's bodily injury*.

**Exclusions**

THERE IS NO COVERAGE FOR AN *INSURED*:

1. WHO IS STRUCK AS A *PEDESTRIAN* BY A MOTOR VEHICLE, *OWNED BY* THAT *INSURED* OR *YOU*, IF IT IS NOT *YOUR CAR* OR A *NEWLY ACQUIRED CAR*;

2. IF ANY WORKERS' COMPENSATION LAW OR ANY SIMILAR LAW APPLIES TO THAT *INSURED'S BODILY INJURY*;

3. WHO IS *OCCUPYING* A VEHICLE WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN *INSURED*;

4. WHO IS *OCCUPYING* A VEHICLE WHILE IT IS BEING USED TO CARRY *PERSONS* FOR A CHARGE. This exclusion does not apply to:

   a. the use of a *private passenger car* on a share-the-expense basis; or

   b. an *insured* while *occupying* a *non-owned car* as a passenger;

5. WHILE MAINTAINING OR USING A VEHICLE IN CONNECTION WITH THAT *INSURED'S* EMPLOYMENT IN OR ENGAGEMENT OF ANY KIND IN A *CAR BUSINESS*. This exclusion does not apply to:

   a. *you*;

   b. any *resident relative*; or

   c. any agent, employee, or partner of a. or b. above

   while maintaining or using *your car*, a *newly acquired car*, a *temporary substitute car*, or a *trailer*;

6. WHILE THAT *INSURED* IS VALET PARKING A VEHICLE;

7. WHILE MAINTAINING OR USING A *NON-OWNED CAR* IN ANY BUSINESS OR OCCUPATION OTHER THAN A *CAR BUSINESS* OR VALET PARKING. This exclusion does not apply to the maintenance or use of a *private passenger car*;

8. WHO IS EITHER *OCCUPYING* OR STRUCK AS A *PEDESTRIAN* BY A VEHICLE THAT IS LOCATED FOR USE AS A DWELLING OR OTHER PREMISES;

9. WHO IS STRUCK AS A *PEDESTRIAN* BY A VEHICLE THAT:

   a. IS DESIGNED FOR USE PRIMARILY OFF PUBLIC ROADS WHILE OFF PUBLIC ROADS; OR

   b. RUNS ON RAILS OR CRAWLER-TREADS;

10. WHOSE *BODILY INJURY* RESULTS FROM WAR OF ANY KIND;

11. WHOSE *BODILY INJURY* RESULTS FROM:

    a. NUCLEAR REACTION;

    b. RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE; OR

    c. THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM,

ANY NUCLEAR OR RADIOAC-
TIVE DEVICE;

12. WHOSE ***BODILY INJURY*** RESULTS
FROM THE DISCHARGE OF A FIRE-
ARM; OR

13. WHO IS ***OCCUPYING*** A VEHICLE
WHILE IT IS:

a. BEING PREPARED FOR, USED IN
PRACTICE FOR, OR OPERATED IN
ANY RACING CONTEST, SPEED
CONTEST, HILL-CLIMBING CON-
TEST, JUMPING CONTEST, OR
ANY SIMILAR CONTEST; OR

b. ON A TRACK DESIGNED PRIMAR-
ILY FOR RACING OR HIGH SPEED
DRIVING. This exclusion (13.b.) does
not apply if the vehicle is being used in
connection with an activity other than
racing, high speed driving, or any type
of competitive driving.

**If Other Medical Payments Coverage or
Similar Vehicle Insurance Applies**

1. An ***insured*** shall not recover for the same
***medical expenses*** or funeral expenses un-
der both this coverage and other medical
payments coverage or similar vehicle in-
surance.

2. If Medical Payments Coverage provided by
this policy and one or more other vehicle
policies issued to ***you*** or any ***resident rela-
tive*** by the ***State Farm Companies*** apply to
the same ***bodily injury***, then:

a. the Medical Payments Coverage limits
of such policies shall not be added to-
gether to determine the most that may
be paid; and

b. the maximum amount that may be paid
from all such policies combined is the
single highest applicable limit pro-
vided by any one of the policies. ***We***
may choose one or more policies from
which to make payment.

3. The Medical Payments Coverage provided
by this policy applies as primary coverage
for an ***insured*** who sustains ***bodily injury***
while ***occupying your car*** or a ***trailer*** at-
tached to it.

a. If:

(1) this is the only vehicle policy is-
sued to ***you*** or any ***resident rela-
tive*** by the ***State Farm Companies***
that provides Medical Payments
Coverage or other similar vehicle
insurance which applies to the ac-
cident as primary coverage; and

(2) medical payments coverage or
other similar vehicle insurance
provided by one or more sources
other than the ***State Farm Compa-
nies*** also applies as primary cover-
age for the same accident,

then ***we*** will pay the proportion of
***medical expenses*** and funeral ex-
penses payable as primary that ***our*** ap-
plicable limit bears to the sum of ***our***
applicable limit and the limits of all
other medical payments coverage or
similar vehicle insurance that apply as
primary coverage.

b. If:

(1) more than one vehicle policy issued
to ***you*** or any ***resident relative*** by
the ***State Farm Companies*** provides
Medical Payments Coverage or
other similar vehicle insurance
which applies to the accident as
primary coverage; and

(2) medical payments coverage or
other similar vehicle insurance
provided by one or more sources
other than the ***State Farm Compa-
nies*** also applies as primary cover-
age for the same accident,

then the ***State Farm Companies*** will pay
the proportion of ***medical expenses*** and
funeral expenses payable as primary that

the maximum amount that may be paid by the ***State Farm Companies*** as determined in 2. above bears to the sum of such amount and the limits of all other medical payments coverage or similar vehicle insurance that apply as primary coverage.

4. Except as provided in 3. above, the Medical Payments Coverage provided by this policy applies as excess coverage.

   a. If:

      (1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Medical Payments Coverage or other similar vehicle insurance which applies to the accident as excess coverage; and

      (2) medical payments coverage or other similar vehicle insurance provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

      then ***we*** will pay the proportion of ***medical expenses*** and funeral expenses payable as excess that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other medical payments coverage or similar vehicle insurance that apply as excess coverage.

   b. If:

      (1) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Medical Payments Coverage or other similar vehicle insurance which applies to the accident as excess coverage; and

      (2) medical payments coverage or other similar vehicle insurance provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

      then the ***State Farm Companies*** will pay the proportion of ***medical expenses*** and funeral expenses payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 2. above bears to the sum of such amount and the limits of all other medical payments coverage or similar vehicle insurance that apply as excess coverage.

**Our Payment Options**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. The ***insured***;

2. The ***insured's*** surviving spouse;

3. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent ***person***;

4. A ***person*** authorized by law to receive such payment; or

5. Any ***person*** or organization that provides the ***medical services*** or funeral services.

## PHYSICAL DAMAGE COVERAGES

The physical damage coverages are Comprehensive Coverage, Comprehensive and Window Glass Coverage, Collision Coverage, Collision and Window Glass Coverage, Emergency Road Service Coverage, and Car Rental and Travel Expenses Coverage.

This policy provides:

1. Comprehensive Coverage if "D";

2. Comprehensive and Window Glass Coverage if "D-WG";

3. Collision Coverage if "G";

4. Collision and Window Glass Coverage if "G-WG";

5. Emergency Road Service Coverage if "H";

6. Car Rental and Travel Expenses Coverage if "R1";

is shown under "SYMBOLS" on the Declarations Page.

If a deductible applies to a coverage, then it is shown on the Declarations Page for that coverage.

**Additional Definitions**

*Covered Vehicle* means:

1. *your car*;

2. a *newly acquired car*;

3. a *temporary substitute car*;

4. a camper that is designed to be mounted on a pickup truck and shown on the Declarations Page;

5. a *non-owned car* while it is:

   a. being driven by an *insured*; or

   b. in the custody of an *insured* if at the time of the *loss* it is:

   (1) not being driven; or

   (2) being driven by a *person* other than an *insured* and being *occupied* by an *insured*; and

6. a *non-owned trailer* and a *non-owned camper* while it is being used by an *insured*;

including its parts and its equipment that are common to the use of the vehicle as a vehicle. However, parts and equipment of *trailers* and campers must be securely fixed as a permanent part of the *trailer* or camper.

*Daily Rental Charge* means the sum of:

1. the daily rental rate;

2. mileage charges; and

3. related taxes.

*Insured* means *you* and *resident relatives*.

*Loss* means:

1. direct, sudden, and accidental damage to; or

2. total or partial theft of

a *covered vehicle*. *Loss* does not include any reduction in the actual cash value of any *covered vehicle* after it has been repaired, as compared to its actual cash value before it was damaged.

*Loss Caused By Collision* means a *loss* caused by:

1. a *covered vehicle* hitting or being hit by another vehicle or other object; or

2. the overturning of a *covered vehicle*.

Any *loss* caused by missiles, falling objects, windstorm, hail, fire, explosion, earthquake, water, flood, total or partial theft, malicious mischief, vandalism, riot, civil commotion, or hitting or being hit by a bird or an animal is not a *Loss Caused By Collision*.

*Non-Owned Camper* means a camper designed to be mounted on a pickup truck that is in the lawful possession of an *insured* and that neither:

1. is *owned by*; nor

2. furnished or available for the regular use of

an *insured*.

*Non-Owned Trailer* means a *trailer* that is in the lawful possession of an *insured* and that neither:

1. is *owned by*; nor

2. furnished or available for the regular use of

an *insured*.

**Insuring Agreements**

**1. Comprehensive Coverage**

*We* will pay:

a. for *loss*, except *loss caused by collision*, to a *covered vehicle*; and

b. transportation expenses incurred by an *insured* as a result of the total theft of

*your car* or a *newly acquired car*. These transportation expenses are payable:

(1) during the period that:

    (a) starts on the date *you* report the theft to *us*; and

    (b) ends on the earliest of:

        (i) the date the vehicle is returned to *your* possession in a drivable condition;

        (ii) the date *we* offer to pay for the *loss* if the vehicle has not yet been recovered; or

        (iii) the date *we* offer to pay for the *loss* if the vehicle is recovered, but is a total loss as determined by *us*; and

(2) during the period that:

    (a) starts on the date the vehicle is left at a repair facility if the stolen vehicle is recovered, returned to *your* possession in a drivable condition, and has unrepaired damage that resulted from the total theft; and

    (b) ends on the date the vehicle is repaired.

These transportation expenses must be reported to *us* before *we* will pay such incurred expenses.

**2. Comprehensive and Window Glass Coverage**

Comprehensive and Window Glass Coverage is the same as Comprehensive Coverage with the following changes:

a. "Comprehensive Coverage" where found throughout the policy is replaced by "Comprehensive and Window Glass Coverage"; and

b. the deductible does not apply to window glass.

**3. Collision Coverage**

*We* will pay for *loss caused by collision* to a *covered vehicle*.

**4. Collision and Window Glass Coverage**

Collision and Window Glass Coverage is the same as Collision Coverage with the following changes:

a. "Collision Coverage" where found throughout the policy is replaced by "Collision and Window Glass Coverage"; and

b. the deductible does not apply to window glass.

**5. Emergency Road Service Coverage**

*We* will pay the fair cost incurred by an *insured* for:

a. up to one hour of labor to repair a *covered vehicle* at the place of its breakdown;

b. towing to the nearest repair facility where necessary repairs can be made if a *covered vehicle* is not drivable;

c. towing a *covered vehicle* out of a location where it is stuck if the vehicle is on or immediately next to a public road;

d. delivery of gas, oil, battery, or tire necessary to return a *covered vehicle* to driving condition. *We* do not pay the cost of the gas, oil, battery, or tire; and

e. up to one hour of labor for locksmith services to unlock a *covered vehicle* if its key is lost, stolen, or locked inside the vehicle.

**6. Car Rental and Travel Expenses Coverage**

    **a. Car Rental Expense**

    *We* will pay the *daily rental charge* incurred when *you* rent a *car* from a *car business* while *your car* or a *newly acquired car* is:

(1) not drivable; or

(2) being repaired

as a result of a *loss* which would be payable under Comprehensive Coverage or Collision Coverage.

*We* will pay the ***daily rental charge*** incurred during a period that:

(1) starts on the date:

    (a) the vehicle is not drivable as a result of the *loss*; or

    (b) the vehicle is left at a repair facility if the vehicle is drivable; and

(2) ends on the earliest of:

    (a) the date the vehicle has been repaired or replaced;

    (b) the date *we* offer to pay for the *loss* if the vehicle is repairable but *you* choose to delay repairs; or

    (c) five days after *we* offer to pay for the *loss* if the vehicle is:

        (i) a total loss as determined by *us*; or

        (ii) stolen and not recovered.

The amount of any such ***daily rental charge*** incurred by *you* must be reported to *us* before *we* will pay such amount.

**b. Travel Expenses**

*We* will pay expenses for commercial transportation, lodging, and meals if ***your car*** or a ***newly acquired car*** is not drivable as a result of a *loss* which would be payable under Comprehensive Coverage or Collision Coverage. The *loss* must occur more than 50 miles from *your* home. *We* will only pay these expenses if they are incurred by:

(1) an *insured* during the period that:

(a) starts after the *loss* occurs; and

(b) ends on the earlier of:

    (i) the ***insured's*** arrival at his or her destination or home if the vehicle is left behind for repairs; or

    (ii) the repair of the vehicle if the *insured* waits for repairs before continuing on to his or her destination or returning home; and

(2) *you*, or any ***person you*** choose, to travel to retrieve the vehicle and drive it to either the original destination or *your* home if the vehicle was left behind for repairs.

These expenses must be reported to *us* before *we* will pay such incurred expenses.

**Supplementary Payments – Comprehensive Coverage and Collision Coverage**

If the ***covered vehicle*** sustains *loss* for which *we* make a payment under Comprehensive Coverage or Collision Coverage, then *we* will pay reasonable expenses incurred to:

1. tow the ***covered vehicle*** immediately after the *loss*:

    a. for a reasonable distance from the location of the *loss* to any one repair facility chosen by an *insured* or the owner of the ***covered vehicle***, if the ***covered vehicle*** is not drivable; or

    b. to any one repair facility or commercial storage facility, neither of which was chosen by an *insured* or the owner of the ***covered vehicle***. *We* will also pay reasonable expenses incurred to tow the ***covered vehicle*** for a reasonable distance from this facility to any one repair facility chosen by an *insured* or the owner of the ***covered vehicle***, if the ***covered vehicle*** is not drivable.

17
9832A

2. store the **covered vehicle**, if it is not drivable immediately after the **loss**, at:

   a. any one repair facility or commercial storage facility, neither of which was chosen by an **insured** or the owner of the **covered vehicle**; and

   b. any one repair facility chosen by the owner of the **covered vehicle**, and **we** determine such vehicle is a total loss.

If the owner of the **covered vehicle** consents, then **we** may move the **covered vehicle** at **our** expense to reduce storage costs. If the owner of the **covered vehicle** does not consent, then **we** will pay only the storage costs that would have resulted if **we** had moved the damaged **covered vehicle**; and

3. clean up debris from the **covered vehicle** at the location of the **loss**. The most **we** will pay to clean up the debris is $250 for any one **loss**.

**Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage**

1. **We** have the right to choose to settle with **you** or the owner of the **covered vehicle** in one of the following ways:

   a. Pay the cost to repair the **covered vehicle** minus any applicable deductible.

     (1) **We** have the right to choose one of the following to determine the cost to repair the **covered vehicle**:

       (a) The cost agreed to by both the owner of the **covered vehicle** and **us**;

       (b) A bid or repair estimate approved by **us**; or

       (c) A repair estimate that is written based upon or adjusted to:

         (i) the prevailing competitive price;

         (ii) the lower of paintless dent repair pricing established by an agreement **we** have with a third party or the paintless dent repair price that is competitive in the market; or

         (iii) a combination of (i) and (ii) above.

The prevailing competitive price means prices charged by a majority of the repair market in the area where the **covered vehicle** is to be repaired as determined by a survey made by **us**. If asked, **we** will identify some facilities that will perform the repairs at the prevailing competitive price. The estimate will include parts sufficient to restore the **covered vehicle** to its pre-loss condition.

**You** agree with **us** that the repair estimate may include new, used, recycled, and reconditioned parts. Any of these parts may be either original equipment manufacturer parts or non-original equipment manufacturer parts. Any non-original equipment manufacturer parts included on the repair estimate will be warranted by that manufacturer at least to the extent and duration as comparable original equipment manufacturer parts. If the non-original equipment manufacturer fails to honor its warranty, **we** shall pay, at no cost to **you** or the owner of the **covered vehicle**, to restore the **covered vehicle** to its pre-loss condition consistent with the non-original equipment manufacturer's warranty.

**You** also agree that replacement glass need not have any insignia, logo, trademark, etching, or other marking that was on the replaced glass.

(2) The cost to repair the **covered vehicle** does not include any reduction in the actual cash value of the **covered vehicle** after it has been repaired, as compared to its actual cash value before it was damaged.

(3) If the repair or replacement of a part results in betterment of that part, then **you** or the owner of the **covered vehicle** must pay for the amount of the betterment.

(4) If **you** and **we** agree, then windshield glass will be repaired instead of replaced.

b. Pay the actual cash value of the **covered vehicle** minus any applicable deductible.

(1) The owner of the **covered vehicle** and **we** must agree upon the actual cash value of the **covered vehicle**. If there is disagreement as to the actual cash value of the **covered vehicle**, then the disagreement will be resolved by appraisal upon written request of the owner or **us**, using the following procedures:

(a) The owner and **we** will each select a competent appraiser.

(b) The two appraisers will select a third competent appraiser. If they are unable to agree on a third appraiser within 30 days, then either the owner or **we** may petition a court that has jurisdiction to select the third appraiser.

(c) Each party will pay the cost of its own appraiser, attorneys, and expert witnesses, as well as any other expenses incurred by that party. Both parties will share equally the cost of the third appraiser.

(d) The appraisers shall only determine the actual cash value of the **covered vehicle**. Appraisers shall have no authority to decide any other questions of fact, decide any questions of law, or conduct appraisal on a class-wide or class-representative basis.

(e) A written appraisal that is both agreed upon by and signed by any two appraisers, and that also contains an explanation of how they arrived at their appraisal, will be binding on the owner of the **covered vehicle** and **us**.

(f) **We** do not waive any of **our** rights by submitting to an appraisal.

(2) The damaged **covered vehicle** must be given to **us** in exchange for **our** payment, unless **we** agree that the owner may keep it. If the owner keeps the **covered vehicle**, then **our** payment will be reduced by the salvage value of the **covered vehicle** after the **loss**.

c. Return the stolen **covered vehicle** to its owner and pay, as described in 1.a. above, for any direct, sudden, and accidental damage that resulted from the theft.

2. The most **we** will pay for transportation expenses under Comprehensive Coverage is $25 per day subject to an aggregate limit of $750 per **loss**.

3. The most **we** will pay for **loss** to a **non-owned trailer** or a **non-owned camper** is $2,500.

**Limits – Car Rental and Travel Expenses Coverage**

**1. Car Rental Expense**

The limit for Car Rental Expense is shown on the Declarations Page under "Limit – Car Rental Expense – Each Day, Each Loss".

a.  The limit shown under "Each Day" is the most *we* will pay for the *daily rental charge*. If:

(1)  a dollar amount is shown, then *we* will pay the *daily rental charge* up to that dollar amount;

(2)  a percentage amount is shown, then *we* will pay that percentage of the *daily rental charge*.

b.  Subject to the "Each Day" limit, the limit shown under "Each Loss" is the most *we* will pay for Car Rental Expense incurred as a result of any one *loss*.

**2. Travel Expenses**

The most *we* will pay for Travel Expenses incurred by all *insureds* as a result of any one *loss* is $500.

**Nonduplication**

*We* will not pay for any *loss* or expense under the Physical Damage Coverages for which the *insured* or owner of the *covered vehicle* has already received payment from, or on behalf of, a party who is legally liable for the *loss* or expense.

**Exclusions**

THERE IS NO COVERAGE FOR:

1.  ANY *COVERED VEHICLE* THAT IS:

a.  INTENTIONALLY DAMAGED; OR

b.  STOLEN

BY OR AT THE DIRECTION OF AN *INSURED*;

2.  ANY *COVERED VEHICLE* WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN *INSURED*;

3.  ANY *COVERED VEHICLE* WHILE IT IS USED TO CARRY *PERSONS* FOR A CHARGE. This exclusion does not apply to the use of a *private passenger car* on a share-the-expense basis;

4.  ANY *COVERED VEHICLE* DUE TO:

a.  THEFT;

b.  CONVERSION;

c.  EMBEZZLEMENT; OR

d.  SECRETION

BY AN *INSURED*, A CONSIGNEE, AN AGENT OF A CONSIGNEE, OR A *PERSON* WHO OBTAINS POSSESSION OF THE *COVERED VEHICLE* WITH THE PERMISSION OF A CONSIGNEE OR AGENT OF A CONSIGNEE;

5.  *LOSS* TO *YOUR CAR* OR A *NEWLY ACQUIRED CAR* IF AN *INSURED* VOLUNTARILY RELINQUISHES POSSESSION OF THAT *CAR* TO A *PERSON* OR ORGANIZATION UNDER AN ACTUAL OR PRESUMED SALES AGREEMENT;

6.  ANY *COVERED VEHICLE* TO THE EXTENT *OUR* PAYMENT WOULD BENEFIT ANY CARRIER OR OTHER BAILEE FOR HIRE THAT IS LIABLE FOR *LOSS* TO SUCH *COVERED VEHICLE*;

7.  *LOSS* TO ANY *COVERED VEHICLE* DUE TO *FUNGI*. *WE* WILL ALSO NOT PAY FOR ANY TESTING OR REMEDIATION OF *FUNGI*, OR ANY ADDITIONAL COSTS REQUIRED TO REPAIR ANY *COVERED VEHICLE* THAT ARE DUE TO THE EXISTENCE OF *FUNGI*. This exclusion does not apply if the *fungi* are the direct result of a *loss* that is payable under:

a.  Comprehensive Coverage and "D" or "D-WG" is shown under "SYMBOLS" on the Declarations Page; or

b. Collision Coverage and "G" or "G-WG" is shown under "SYMBOLS" on the Declarations Page;

8. **_LOSS_** TO ANY **_COVERED VEHICLE_** THAT RESULTS FROM:

   a. NUCLEAR REACTION;

   b. RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE; OR

   c. THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;

9. **_LOSS_** TO ANY **_COVERED VEHICLE_** THAT RESULTS FROM THE TAKING OF OR SEIZURE OF THAT **_COVERED VEHICLE_** BY ANY GOVERNMENTAL AUTHORITY;

10. **_LOSS_** TO ANY **_COVERED VEHICLE_** THAT RESULTS FROM WAR OF ANY KIND;

11. **_YOUR CAR_** WHILE SUBJECT TO ANY:

    a. LIEN AGREEMENT;

    b. RENTAL AGREEMENT;

    c. LEASE AGREEMENT; OR

    d. SALES AGREEMENT

    NOT SHOWN ON THE DECLARATIONS PAGE;

12. ANY **_NON-OWNED CAR_** WHILE IT IS:

    a. BEING MAINTAINED OR USED BY ANY **_PERSON_** WHILE THAT **_PERSON_** IS EMPLOYED IN OR ENGAGED IN ANY WAY IN A **_CAR BUSINESS_**; OR

    b. USED IN ANY BUSINESS OR OCCUPATION OTHER THAN A **_CAR BUSINESS_**. This exclusion (12.b.) does not apply to a **_private passenger car_**;

13. ANY PART OR EQUIPMENT OF A **_COVERED VEHICLE_** IF THAT PART OR EQUIPMENT:

    a. FAILS OR IS DEFECTIVE; OR

    b. IS DAMAGED AS A DIRECT RESULT OF:

       (1) WEAR AND TEAR;

       (2) FREEZING; OR

       (3) MECHANICAL, ELECTRICAL, OR ELECTRONIC BREAKDOWN OR MALFUNCTION

       OF THAT PART OR EQUIPMENT.

    This exclusion does not apply if the **_loss_** is the result of theft of the **_covered vehicle_**;

14. ANY PART OR EQUIPMENT:

    a. THAT IS NOT LEGAL FOR USE IN OR ON THE **_COVERED VEHICLE_** IN THE STATE OF NEW YORK; OR

    b. THE USE OF WHICH IS NOT LEGAL IN THE STATE OF NEW YORK BECAUSE OF HOW OR WHERE THAT PART OR EQUIPMENT IS INSTALLED IN OR ON THE **_COVERED VEHICLE_**.

    However, if there is a legal version of the part or equipment that is necessary for the safe operation of the **_covered vehicle_**, then **_we_** will pay the cost that **_we_** would otherwise have paid to repair the vehicle with the legal version of the part or equipment. **_We_** will not pay any cost necessary to modify the vehicle for installation of the legal version of the part or equipment;

15. TIRES. This exclusion does not apply if:

    a. **_loss_** is caused by missiles, falling objects, windstorm, hail, fire, explosion, earthquake, water, flood, total or partial theft, malicious mischief, vandalism, riot, civil commotion, or hitting or being hit by a bird or an animal; or

b. ***loss caused by collision*** to another part of the ***covered vehicle*** causes ***loss*** to tires;

16. REMOVABLE PRODUCTS USED FOR STORAGE OF AUDIO, VIDEO, OR OTHER DATA, INCLUDING BUT NOT LIMITED TO TAPES, DISCS, AND MEMORY CARDS, NOR IS THERE COVERAGE FOR THE RECONSTRUCTION OF DATA CONTAINED THEREIN;

17. ANY EQUIPMENT USED TO DETECT OR INTERFERE WITH SPEED MEASURING DEVICES;

18. A CAMPER, INCLUDING ITS PARTS AND ITS EQUIPMENT, THAT IS:

   a. DESIGNED TO BE MOUNTED ON A PICKUP TRUCK;

   b. ***OWNED BY*** AN ***INSURED***; AND

   c. NOT SHOWN ON THE DECLARATIONS PAGE; OR

19. ANY ***COVERED VEHICLE*** WHILE IT IS:

   a. BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR

   b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH SPEED DRIVING. This exclusion (19.b.) does not apply if the vehicle is being used in connection with an activity other than racing, high speed driving, or any type of competitive driving.

**If Other Physical Damage Coverage or Similar Coverage Applies**

1. If the same ***loss*** or expense is payable under more than one of the physical damage coverages provided by this policy, then only the one coverage that pays the most for that ***loss*** or expense applies.

2. If any of the physical damage coverages provided by this policy and one or more other policies issued to an ***insured*** by the ***State Farm Companies*** apply to the same ***loss*** or expense, then only one policy applies. ***We*** will select a policy that pays the most for the ***loss*** or expense.

3. The physical damage coverages provided by this policy apply as primary coverage for a ***loss*** to ***your car***.

   If similar coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same ***loss*** or expense, then the ***State Farm Companies*** will pay the proportion of the ***loss*** or expense payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** bears to the sum of such amount and the limits of all other similar coverage that applies as primary coverage.

4. Except as provided in 3. above, the physical damage coverages provided by this policy apply as excess coverage.

   If similar coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same ***loss*** or expense, then the ***State Farm Companies*** will pay the proportion of the ***loss*** or expense payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** bears to the sum of such amount and the limits of all other similar coverage that applies as excess coverage.

**Vehicle Custody**

***We*** have the right to take a ***covered vehicle*** into custody for safekeeping if it was reported stolen or found to be abandoned, and ***we*** have been notified of its location.

**Financed Vehicle**

1. If a creditor is shown on the Declarations Page, then any Comprehensive Coverage or Collision Coverage provided by this

policy applies to that creditor's interest in **your car**. Coverage for the creditor's interest is only provided for a **loss** that is payable to **you**.

However, if this policy is cancelled or nonrenewed, then **we** will provide coverage for the creditor's interest until **we** notify the creditor of the termination of such coverage. This coverage for the creditor's interest is only provided for a **loss** that would have been payable to **you** if this policy had not been cancelled or nonrenewed. The date such termination is effective will be at least 10 days after the date **we** mail or electronically transmit a notice of the termination to the creditor. The mailing or electronic transmittal of the notice will be sufficient proof of notice.

2. If **we** pay such creditor, then **we** are entitled to the creditor's right of recovery against **you** to the extent of **our** payment. **Our** right of recovery does not impair the creditor's right to recover the full amount of its claim.

**Our Payment Options**

1. **Comprehensive Coverage and Collision Coverage**

   a. **We** may, with **your** consent, make payment to one or more of the following for **loss** to a **covered vehicle owned by you**:

      (1) **You**;

      (2) The repairer; or

      (3) A creditor shown on the Declarations Page, to the extent of its interest.

   b. **We** may, with **your** consent, make payment to one or more of the following for **loss** to a **covered vehicle** not **owned by you**:

      (1) **You**;

      (2) The owner of such vehicle;

      (3) The repairer; or

      (4) A creditor, to the extent of its interest.

2. **Emergency Road Service Coverage and Car Rental and Travel Expenses Coverage**

   **We** may, at **our** option, make payment to one or more of the following:

   a. **You**;

   b. The **insured** who incurred the expense; or

   c. Any party that provided the service for which payment is owed.

**NEW YORK MANDATORY INSPECTION PROVISION**

Regardless of any other provisions of this section, it is agreed:

1. **we** have the right to inspect any **private passenger car** before providing physical damage coverage. This applies to the extent prescribed and limited by New York law and regulation; and

2. when **we** require an inspection, **you** must cooperate and make the **car** available for inspection.

**NEW YORK MANDATORY AUTOMOBILE REPAIRS PROVISION**

The payment of a claim under this section cannot be conditioned upon the repair of the **car**. However, **we** are entitled to the following:

1. if the **car** is repaired:

   a. an itemized repair invoice prepared by the repairer; and

   b. a completed "Certification of Automobile Repairs" as prescribed by the New York Insurance Department; and

2. an inspection of the **car**, whether or not it is repaired.

# DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE

This policy provides Death, Dismemberment and Loss of Sight Coverage if "S" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definition**

*Insured* means a *person* whose name is shown under "Death, Dismemberment and Loss of Sight Coverage – Persons Insured" on the Declarations Page.

**Insuring Agreement**

*We* will pay the highest applicable benefit shown in the following Death, Dismemberment and Loss of Sight Benefits Schedules if an *insured*:

1. dies; or

2. suffers dismemberment or permanent loss of sight, as described in the schedule

as the direct result of an accident that involves the use of a land motor vehicle or any type of trailer as a vehicle and not due to any other cause.

The *insured* must be *occupying* or be struck as a *pedestrian* by a land motor vehicle or any type of trailer at the time of the accident. The death, dismemberment, or permanent loss of sight must occur within 90 days immediately following the date of the accident.

**Benefit**

The applicable benefit shown in the schedule is the most *we* will pay for any one *insured* in any one accident. Any benefit paid or payable for dismemberment or permanent loss of sight reduces the death benefit.

## DEATH, DISMEMBERMENT AND LOSS OF SIGHT BENEFITS SCHEDULES

If the amount shown on the Declarations Page for the *insured* is $5,000, then *we* will pay the applicable benefit shown below for death or for the described dismemberment or permanent loss of sight:

| | |
|---|---|
| Death | $5,000 |
| Loss of both hands; both feet; all sight of both eyes; one hand & one foot; or one hand or one foot & all sight of one eye | $5,000 |
| Loss of one hand or one foot; or all sight of one eye | $2,500 |
| Loss of the thumb & a finger on one hand; or any three fingers | $1,500 |
| Loss of any two fingers | $1,000 |

The hand must be cut off through or above the wrist. The foot must be cut off through or above the ankle. The whole thumb or finger must be cut off.

If the amount shown on the Declarations Page for the *insured* is $10,000, then *we* will pay the applicable benefit shown below for death or for the described dismemberment or permanent loss of sight:

| | |
|---|---|
| Death | $10,000 |
| Loss of both hands; both feet; all sight of both eyes; one hand & one foot; or one hand or one foot & all sight of one eye | $10,000 |
| Loss of one hand or one foot; or all sight of one eye | $5,000 |
| Loss of the thumb & a finger on one hand; or any three fingers | $3,000 |
| Loss of any two fingers | $2,000 |

The hand must be cut off through or above the wrist. The foot must be cut off through or above the ankle. The whole thumb or finger must be cut off.

The benefits shown in the schedules are doubled for an *insured* who at the time of the accident was *occupying* a *private passenger car* and using a seat belt in the manner recommended by the vehicle's manufacturer.

**Exclusions**

COVERAGE DOES NOT APPLY TO AN *IN-SURED*:

1. WHILE IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT IN A *CAR BUSINESS*;

2. WHILE *OCCUPYING*, LOADING, OR UNLOADING:

   a. AN EMERGENCY VEHICLE IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT;

   b. A VEHICLE, OTHER THAN AN EMERGENCY VEHICLE, WHILE USED IN THE:

      (1) *INSURED'S* BUSINESS; OR

      (2) COURSE AND SCOPE OF HIS OR HER EMPLOYMENT IN OTHER THAN A *CAR BUSINESS*.

      This exclusion (2.b.) does not apply if the vehicle is a *private passenger car*;

   c. A MILITARY VEHICLE; OR

   d. A VEHICLE WHILE IT IS:

      (1) BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPER-ATED IN ANY RACING CON-TEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMP-ING CONTEST, OR ANY SIMI-LAR CONTEST; OR

      (2) ON A TRACK DESIGNED PRI-MARILY FOR RACING OR HIGH SPEED DRIVING. This exclusion (2.d.(2)) does not apply if the vehicle is being used in con-nection with an activity other than racing, high speed driving, or any type of competitive driving;

3. WHILE *OCCUPYING*, LOADING, UN-LOADING, OR WHO IS STRUCK AS A *PEDESTRIAN* BY:

   a. A MOTOR VEHICLE THAT RUNS ON RAILS OR CRAWLER-TREADS;

   b. A MOTOR VEHICLE THAT IS DE-SIGNED FOR USE PRIMARILY OFF PUBLIC ROADS WHILE OFF PUB-LIC ROADS; OR

   c. A MOTOR VEHICLE OR ANY TYPE OF TRAILER, EITHER OF WHICH IS LOCATED FOR USE AS A DWELLING OR OTHER PREM-ISES; OR

4. FOR DEATH, DISMEMBERMENT, OR LOSS OF SIGHT THAT RESULTS FROM:

   a. WAR OF ANY KIND;

   b. NUCLEAR REACTION, RADIATION OR RADIOACTIVE CONTAMINA-TION FROM ANY SOURCE, OR THE ACCIDENTAL OR INTEN-TIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIO-ACTIVE DEVICE;

   c. THE DISCHARGE OF A FIREARM;

   d. SUICIDE OR ATTEMPTED SUI-CIDE REGARDLESS OF WHETHER THE *INSURED* WAS SANE OR IN-SANE; OR

   e. DISEASE except pus-forming infec-tion due to *bodily injury* sustained in the accident.

**Our Payment Options**

*We* may, at *our* option, make payment to one or more of the following:

1. The *insured*;

2. The *insured's* surviving spouse;

3. A parent or guardian of the *insured*, if the *insured* is a minor or an incompetent *per-son*; or

4. A *person* or organization authorized by law to receive such payment.

# INSURED'S DUTIES

### 1. Notice to Us of an Accident or Loss

The **insured** must give **us** or one of **our** agents notice of the accident or **loss** as soon as reasonably possible. The notice must give **us**:

a. **your** name;

b. the names and addresses of all **persons** involved in the accident or **loss**;

c. the hour, date, place, and facts of the accident or **loss**; and

d. the names and addresses of witnesses to the accident or **loss**.

### 2. Notice to Us of a Claim or Lawsuit

a. If a claim is made against an **insured**, then that **insured** must send **us**, as soon as reasonably possible, every demand, notice, and claim received.

Notice given to one of **our** agents by or on behalf of the **insured**, or written notice given to one of **our** agents by or on behalf of the injured **person** or any other claimant, is notice to **us**.

b. If a lawsuit is filed against an **insured**, then that **insured** must send **us**, as soon as reasonably possible, every summons and legal process received.

### 3. Insured's Duty to Cooperate With Us

a. The **insured** must cooperate with **us** and, when asked, assist **us** in:

(1) making settlements;

(2) securing and giving evidence; and

(3) attending, and getting witnesses to attend, depositions, hearings, and trials.

b. The **insured** must not, except at his or her own cost, voluntarily:

(1) make any payment to others; or

(2) assume any obligation to others

unless authorized by the terms of this policy.

c. Any **person** or organization making claim under this policy must, when **we** require, give **us** proof of loss on forms **we** furnish.

### 4. Questioning Under Oath

Under:

a. Liability Coverage, each **insured**;

b. Medical Payments Coverage, and Death, Dismemberment and Loss of Sight Coverage, each **insured**, or any other **person** or organization making claim or seeking payment; and

c. Physical Damage Coverages, and Rental Vehicle Coverage, each **insured** or owner of a **covered vehicle**, or any other **person** or organization making claim or seeking payment;

must, at **our** option, submit to an examination under oath, provide a statement under oath, or do both, as reasonably often as **we** require. Such **person** or organization must answer questions under oath, asked by anyone **we** name, and sign copies of the answers. **We** may require each **person** or organization answering questions under oath to answer the questions with only that **person's** or organization's legal representative, **our** representatives, any **person** or **persons** designated by **us** to record the questions and answers, and no other **person** present.

### 5. Other Duties Under the Physical Damage Coverages

When there is a **loss** to a **covered vehicle** under the Physical Damage Coverages, **you** or the owner of the vehicle must:

a. protect the vehicle from additional damage. **We** will pay any reasonable expense incurred to do so that is reported to **us**;

b. make a prompt report to the police when the **loss** of a **covered vehicle** is the result of theft;

c. allow **us** to:

   (1) inspect any damaged property before its repair or disposal;

   (2) test any part or equipment before that part or equipment is removed or repaired; and

   (3) move the vehicle at **our** expense in order to conduct such inspection or testing;

d. provide **us** all:

   (1) records;

   (2) receipts; and

   (3) invoices

   that **we** request and allow **us** to make copies; and

e. not abandon the vehicle to **us**.

**6. Other Duties Under Medical Payments Coverage and Death, Dismemberment and Loss of Sight Coverage**

A **person** making claim must:

a. notify **us** of the claim and give **us** all the details about the death, injury, treatment, and other information that **we** may need as soon as reasonably possible after the injured **insured** is first examined or treated for the injury. If the **insured** is unable to give **us** notice, then any other **person** may give **us** the required notice;

b. be examined as reasonably often as **we** may require by physicians chosen and paid by **us**. A copy of the report will be sent to the **person** upon written request;

c. provide written authorization for **us** to obtain:

   (1) medical bills;

   (2) medical records; and

   (3) any other information **we** deem necessary to substantiate the claim.

   If an injured **insured** is a minor, unable to act, or dead, then his or her legal representative must provide **us** with the written authorization.

   If the holder of the information refuses to provide it to **us** despite the authorization, then at **our** request the **person** making claim or his or her legal representative must obtain the information and promptly provide it to **us**; and

d. allow **us** to inspect the vehicle that the **insured occupied** in the accident.

## GENERAL TERMS

**1. When Coverage Applies**

The coverages provided by this policy are shown on the Declarations Page and apply to accidents and **losses** that occur during the policy period. The policy period is shown on the Declarations Page and is for successive periods of six months each for which the renewal premium is paid. The policy period begins and ends at 12:01 AM Standard Time at the address shown on the Declarations Page.

**2. Where Coverage Applies**

The coverages provided by this policy are shown on the Declarations Page and apply to accidents and **losses** that occur:

a. in the United States of America and its territories and possessions;

b. in Canada; and

c. while a vehicle for which coverage is provided by this policy is being shipped between the ports of the United States of America, its territories, its possessions, and Canada.

**3. Changes to This Policy**

**a. Changes in Policy Provisions**

*We* may only change the provisions of this policy by:

(1) issuing a revised policy booklet, a revised Declarations Page, or an endorsement; or

(2) revising this policy to give broader coverage without an additional premium charge. If any coverage provided by this policy is changed to give broader coverage, then *we* will give *you* the broader coverage as of the date *we* make the change effective in the state of New York without issuing a revised policy booklet, a revised Declarations Page, or an endorsement.

**b. Change of Interest**

(1) No change of interest in this policy is effective unless *we* consent in writing.

(2) Except under Death, Dismemberment and Loss of Sight Coverage, if a named insured shown on the Declarations Page dies, then the definition of *insured* under each of the coverages provided by this policy is changed to include:

(a) any *person* with lawful custody of *your car*, a *newly acquired car*, or a *temporary substitute car* until a legal representative is qualified; and then

(b) the legal representative of the deceased named insured who

is shown on the Declarations Page.

This only applies while such *person* is maintaining or using *your car*, a *newly acquired car*, or a *temporary substitute car*.

Policy notice requirements are met by mailing the notice to the most recent policy address that *we* have on record for the deceased named insured.

**c. Joint and Individual Interests**

If *you* consists of more than one *person* or entity, then each acts for all to change or cancel the policy.

**4. Premium**

a. Unless as otherwise provided by an alternative payment plan in effect with the *State Farm Companies* with respect to the premium for this policy, the premium is due and payable in full on or before the first day of the policy period shown on the most recently issued Declarations Page or Renewal Notice.

b. The renewal premium for this policy will be based upon the rates in effect, the coverages carried, the applicable limits, deductibles, and other elements that affect the premium that apply at the time of renewal.

c. Subject to *our* rate manual rules, the premium for this policy will be reduced upon the purchase of other qualifying insurance from the *State Farm Companies*.

d. The premium for this policy is based upon information *we* have received from *you* or other sources. *You* must inform *us* if any information regarding the following is incorrect or changes during the policy period, and *you* must answer questions *we* ask regarding the following:

(1) **Your car**, or its use, including annual mileage;

(2) The **persons** who regularly drive **your car**, including newly licensed family members;

(3) **Your** marital status; or

(4) The location where **your car** is primarily garaged.

If the above information or any other information used to determine the premium is incorrect or changes during the policy period, then **we** may decrease or increase the premium during the policy period. If **we** decrease the premium during the policy period, then **we** will provide a refund or a credit in the amount of the decrease. If **we** increase the premium during the policy period, then **you** must pay the amount of the increase.

If information requested by **us** to confirm continued eligibility for the current mileage rating is not provided to **us** when **we** ask, then this policy may no longer be eligible for the current mileage rating.

**5. Renewal**

**We** agree to renew this policy for the next policy period upon payment of the renewal premium when due, unless **we** mail or deliver a nonrenewal notice or a cancellation notice as set forth in 6. and 7. below.

**6. Nonrenewal**

If **we** decide not to renew this policy, then **we** will:

a. mail or deliver a nonrenewal notice to the most recent policy address that **we** have on record for the named insured at least 45 days, but not more than 60 days, before the end of the current policy period if Section 3425 of the New York insurance laws is applicable; or

b. mail or deliver a nonrenewal notice to the most recent policy address that **we**

have on record for the named insured and to the insured's authorized agent at least 60 days, but not more than 120 days, before the end of the current policy period if Section 3426 of the New York insurance laws is applicable.

Proof of mailing of the notice to the named insured shall be sufficient proof of notice.

**7. Cancellation**

**a. How You May Cancel**

**You** may cancel this policy by providing to **us** advance notice of the date cancellation is effective. However, if **you** can prove **your car** has been sold, destroyed or stolen, cancellation can be made effective on the later of:

(1) the date **your car** was sold, destroyed or stolen; or

(2) 30 days prior to the date of **your** request for cancellation.

**We** may confirm the cancellation in writing.

**b. How and When We May Cancel**

**We** may cancel this policy by mailing or delivering a written notice to the most recent policy address that **we** have on record for the named insured. The notice will provide the date cancellation is effective.

Proof of mailing of the notice shall be sufficient proof of notice.

(1) If **we** mail or deliver a cancellation notice because the premium is not paid when due, then the date cancellation is effective will be at least 15 days after the date **we** mail or deliver the cancellation notice.

Otherwise, the date cancellation is effective will be at least 20 days after the date **we** mail or deliver the cancellation notice.

(2) After this policy has been in force for more than 59 days, *we* will not cancel this policy before the end of the current policy period unless:

(a) the premium is not paid when due;

(b) *you*, any *resident relative*, or any other *person* who customarily drives *your car* has had his or her driver's license under suspension or revocation during the policy period.

However, *we* will not cancel due to:

(i) a suspension issued under subdivision 1 of Section 510-b of the vehicle and traffic law; or

(ii) one or more administrative suspensions arising from the same incident which has or have been terminated prior to the effective date of cancellation; or

(c) fraud or material misrepresentation in obtaining this policy or in the presentation of a claim under this policy has been discovered.

### c. Conditional Continuation

If *we* have the right to cancel this policy *we* may instead condition continuation of the policy upon change of limits or elimination of any coverage not required by law, effective at least 20 days after *we* mail or deliver written notice to the most recent policy address that *we* have on record for the named insured.

### d. Return of Unearned Premium

If *you* cancel this policy, then premium may be earned on a short rate basis. If *we* cancel this policy, then premium will be earned on a pro rata basis.

Any unearned premium may be returned within a reasonable time after cancellation. Delay in the return of any unearned premium does not affect the cancellation date.

### 8. Assignment

No assignment of benefits or other transfer of rights is binding upon *us* unless approved by *us*.

### 9. Bankruptcy or Insolvency of the Insured

Bankruptcy or insolvency of the *insured* or his or her estate will not relieve *us* of *our* obligations under this policy.

### 10. Concealment or Fraud

There is no coverage under this policy if *you* or any other *person* insured under this policy has made false statements with the intent to conceal or misrepresent any material fact or circumstance in connection with any claim under this policy.

However, *we* will provide Liability Coverage on behalf of such *insured*:

a. for damages sustained by any *person* who has not made false statements with the intent to conceal or misrepresent any material fact or circumstance in connection with any claim; and

b. if such damages are otherwise payable under this policy.

### 11. Our Right to Recover Our Payments

Death, Dismemberment and Loss of Sight Coverage payments are not recoverable by *us*. Under all other coverages the following apply:

### a. Subrogation

If *we* are obligated under this policy to make payment to or for a *person* or organization who has a legal right to collect from another *person* or organization, then *we* will be subrogated to that right to the extent of *our* payment.

The **person** or organization to or for whom **we** make payment must help **us** recover **our** payments by:

(1) doing nothing to impair that legal right;

(2) executing any documents **we** may need to assert that legal right; and

(3) taking legal action through **our** representatives when **we** ask.

**b. Reimbursement**

If **we** make payment under this policy and the **person** or organization to or for whom **we** make payment recovers or has recovered from another **person** or organization, then the **person** or organization to or for whom **we** make payment must:

(1) hold in trust for **us** the proceeds of any recovery; and

(2) reimburse **us** to the extent of **our** payment.

**12. Legal Action Against Us**

Legal action may not be brought against **us** until there has been full compliance with all the provisions of this policy. In addition, legal action may only be brought against **us** regarding:

a. Liability Coverage after the amount of damages an **insured** is legally liable to pay has been finally determined by:

(1) judgment after an actual trial, and any appeals of that judgment if any appeals are taken; or

(2) agreement between the **insured**, the claimant and **us**.

b. Medical Payments Coverage if the legal action relating to this coverage is brought against **us** within four years

immediately following the date of the accident.

c. Physical Damage Coverages if the legal action relating to these coverages is brought against **us** within one year immediately following the date of the accident or **loss**.

**13. Choice of Law**

Without regard to choice of law rules, the law of the state of:

a. New York will control, except as provided in b. below, in the event of any disagreement as to the interpretation and application of any provision in this policy; and

b. Illinois will control in the event of any disagreement as to the interpretation and application of this policy's:

(1) Mutual Conditions provision found on the most recently issued Declarations Page, if this policy was issued by the State Farm Mutual Automobile Insurance Company; or

(2) Participating Policy provision found on the most recently issued Declarations Page, if this policy was issued by any subsidiary or affiliate of the State Farm Mutual Automobile Insurance Company.

**14. Severability**

If any provision of this policy is held invalid or unenforceable by a court that has jurisdiction, then:

a. such provision will remain in full force to the extent not held invalid or unenforceable; and

b. all other provisions of this policy will remain valid and enforceable.

Policy Form 9832A

# 6128Q.1 AMENDATORY ENDORSEMENT

This endorsement is a part of the policy. Except for the changes this endorsement makes, all other provisions of the policy remain the same and apply to this endorsement.

1. **DEFINITIONS**

   a. The first two paragraphs of *Newly Acquired Car* are changed to read:

   > *Newly Acquired Car* means a *car* newly *owned by you* or a *resident relative*.
   >
   > A *car* ceases to be a *newly acquired car* on the earlier of:
   >
   > 1. the effective date and time of a policy, including any binder, issued by *us* or any other company that describes the *car* as an insured vehicle; or
   >
   > 2. the end of the 14th calendar day immediately following the date the *car* is delivered to *you* or a *resident relative*.
   >
   > If a *newly acquired car* is not otherwise afforded comprehensive coverage or collision coverage by this or any other policy, then this policy will provide Comprehensive Coverage or Collision Coverage for that *newly acquired car*, subject to a deductible of $500.

   b. The following definitions are added:

   > *Transportation network company* or *TNC* means a person, corporation, partnership, sole proprietorship, or other entity that is licensed pursuant to article 44-B of the Vehicle and Traffic Law and is operating in New York state exclusively using a *digital network* to connect *transportation network company passengers* to *transportation network company drivers* who provide *TNC prearranged trips*.

   > *Transportation network company driver* or *TNC driver* means an individual who:
   >
   > (a) Receives connections to potential *passengers* and related services from a *transportation network company* in exchange for payment of a fee to the *transportation network company*; and
   >
   > (b) Uses a *TNC vehicle* to offer or provide a *TNC prearranged trip* to *transportation network company passengers* upon connection through a *digital network* controlled by a *transportation network company* in exchange for compensation or payment of a fee.

   > *Transportation network company passenger* or *passenger* means a person or persons who use a *transportation network company's digital network* to connect with a *transportation network company driver* who provides *TNC prearranged trips* to the *passenger* in the *TNC vehicle* between points chosen by the *passenger*.

   > *Transportation network company prearranged trip*, *TNC prearranged trip*, or *trip* means the provision of transportation by a *transportation network company driver* to a *passenger* provided through the use of a *TNC's digital network*:
   >
   > (i) beginning when a *transportation network company driver*

©, Copyright, State Farm Mutual Automobile Insurance Company, 2018

accepts a ***passenger's*** request for a ***trip*** through a ***digital network*** controlled by a ***transportation network company***;

(ii) continuing while the ***transportation network company driver*** transports the requesting ***passenger*** in a ***TNC vehicle***; and

(iii) ending when the last requesting ***passenger*** departs from the ***TNC vehicle***.

The term ***TNC prearranged trip*** does not include transportation provided through any of the following:

(i) shared expense carpool or vanpool arrangements, including those as defined in section one hundred fifty-eight-b of the New York Vehicle and Traffic Law; and

(ii) use of a taxicab, livery, luxury limousine, or other for-hire vehicle, as defined in the New York Vehicle and Traffic Law, section 19-502 of the administrative code of the city of New York, or as otherwise defined in local law.

***Transportation network company vehicle*** or ***TNC vehicle*** means a vehicle that is:

(a) used by a ***transportation network company driver*** to provide a ***TNC prearranged trip*** originating within the state of New York; and

(b) owned, leased or otherwise authorized for use by the ***transportation network company driver***;

(c) such term shall not include:

(i) a taxicab, as defined in section one hundred forty-eight-a of the New York Vehicle and Traffic Law, and section 19-502 of the administrative code of the city of New York, or as otherwise defined in local law;

(ii) a livery vehicle, as defined in section one hundred twenty-one-e of the New York Vehicle and Traffic Law or as otherwise defined in local law;

(iii) a black car, limousine, or luxury limousine, as defined in section 19-502 of the administrative code of the city of New York, or as otherwise defined in local law;

(iv) a for-hire vehicle, as defined in section 19-502 of the administrative code of the city of New York, or as otherwise defined in local law;

(v) a bus, as defined in section one hundred four of the New York Vehicle and Traffic Law;

(vi) any motor vehicle weighing more than six thousand five hundred pounds unloaded;

(vii) any motor vehicle having a seating capacity of more than seven passengers; and

(viii) any motor vehicle subject to section three hundred seventy of the New York Vehicle and Traffic Law.

6128Q.1

©, Copyright, State Farm Mutual Automobile Insurance Company, 2018

*Digital network* means any system or service offered or utilized by a *transportation network company* that enables *TNC prearranged trips* with *transportation network company drivers*.

2. **LIABILITY COVERAGE**

   a. **Additional Definition**

   Item 4. of *Insured* is changed to read:

   *Insured* means any other *person* or organization vicariously liable for the use of a vehicle by an *insured* as defined in 1., 2., or 3. above, but only for such vicarious liability. This provision applies only if the vehicle is:

   a. neither *owned by*, nor hired by, that other *person* or organization; and

   b. neither available for, nor being used for, carrying *persons* for a charge.

   b. **Exclusions**

   (1) Exclusion 2. is change to read:

   THERE IS NO COVERAGE FOR AN *INSURED* FOR *BODILY INJURY* TO THAT *INSURED'S* SPOUSE, OR FOR DAMAGE TO PROPERTY OF THAT *INSURED'S* SPOUSE. THIS EXCLUSION SHALL APPLY ONLY WHERE THE INJURED SPOUSE, TO BE ENTITLED TO RECOVER, MUST PROVE THE CULPABLE CONDUCT OF THE *INSURED*;

   (2) The exception to exclusion 7. that reads:

   This exclusion does not apply to:

   a. *you*;

   b. any *resident relative*; or

   c. any agent, employee, or partner of a. or b. above

   while maintaining or using *your car*, a *newly acquired car*, a *temporary substitute car*, or a *trailer owned by you*;

   is changed to read:

   This exclusion does not apply to:

   a. *you*;

   b. any *resident relative*; or

   c. any agent, employee, or business partner of a. or b. above

   while maintaining or using *your car*, a *newly acquired car*, a *temporary substitute car*, or a *trailer owned by you*;

   (3) The exception to exclusion 9. that reads:

   This exclusion does not apply to damage to a:

   a. motor vehicle *owned by* the employer of *you* or any *resident relative* if such damage is caused by an *insured* while operating another motor vehicle;

   b. residence while rented to or leased to an *insured*; or

   c. private garage while rented to or leased to an *insured*;

   is changed to read:

   This exclusion does not apply to damage to a:

   a. motor vehicle *owned by* the employer of *you* or the employer of any *resident relative* if such damage is caused

6128Q.1

©, Copyright, State Farm Mutual Automobile Insurance Company, 2018

by an **insured** while operating another motor vehicle;

b. residence while rented to or leased to an **insured**; or

c. private garage while rented to or leased to an **insured**;

(4) The following is added:

THERE IS NO COVERAGE FOR AN **INSURED** FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A MOTOR VEHICLE WHILE THE MOTOR VEHICLE IS BEING USED BY A **TRANSPORTATION NETWORK COMPANY DRIVER** WHO IS LOGGED ONTO A TRANSPORTATION NETWORK COMPANY'S **DIGITAL NETWORK** BUT IS NOT ENGAGED IN A **TRANSPORTATION NETWORK COMPANY PREARRANGED TRIP** OR WHILE THE DRIVER PROVIDES A **TRANSPORTATION NETWORK COMPANY PREARRANGED TRIP** PURSUANT TO ARTICLE 44-B OF THE VEHICLE AND TRAFFIC LAW.

3. **MEDICAL PAYMENTS COVERAGE**

**Exclusions**

The following is added:

THERE IS NO COVERAGE FOR AN **INSURED** FOR **BODILY INJURY** ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A MOTOR VEHICLE WHILE THE MOTOR VEHICLE IS BEING USED BY A

**TRANSPORTATION NETWORK COMPANY DRIVER** WHO IS LOGGED ONTO A TRANSPORTATION NETWORK COMPANY'S **DIGITAL NETWORK** BUT IS NOT ENGAGED IN A **TRANSPORTATION NETWORK COMPANY PREARRANGED TRIP** OR WHILE THE DRIVER PROVIDES A **TRANSPORTATION NETWORK COMPANY PREARRANGED TRIP** PURSUANT TO ARTICLE 44-B OF THE VEHICLE AND TRAFFIC LAW.

4. **PHYSICAL DAMAGE COVERAGES**

a. The paragraph that reads:

If a deductible applies to a coverage, then it is shown on the Declarations Page for that coverage.

is changed to read:

**Deductible**

1. If "D" or "D-WG" is shown under "SYMBOLS" on the Declarations Page, then the deductible that applies to that Comprehensive Coverage, if any, is the dollar amount shown on the Declarations Page next to the title of that coverage. However, **we** will not deduct more than $500 for any **loss** to a **newly acquired car**.

2. If "G" is shown under "SYMBOLS" on the Declarations Page, then the deductible that applies to that Collision Coverage is the dollar amount shown on the Declarations Page next to the title of that coverage. However, **we** will not deduct more than $500 for any **loss caused by collision** to a **newly acquired car**.

©, Copyright, State Farm Mutual Automobile Insurance Company, 2018

b. **Insuring Agreements**

**Car Rental and Travel Expenses Coverage**

Item 6.a. **Car Rental Expense** is changed to read:

**Car Rental Expense**

*We* will pay the *daily rental charge* incurred when an *insured* rents a *car* from a *car business* while *your car* or a *newly acquired car* is:

(1) not drivable; or

(2) being repaired

as a result of a *loss* which would be payable under Comprehensive Coverage or Collision Coverage.

*We* will pay this *daily rental charge* incurred during a period that:

(1) starts on the date:

    (a) the vehicle is not drivable as a result of the *loss*; or

    (b) the vehicle is left at a repair facility if the vehicle is drivable; and

(2) ends on the earliest of:

    (a) the date the vehicle has been repaired or replaced;

    (b) the date *we* offer to pay for the *loss* if the vehicle is repairable but *you* choose to delay repairs; or

    (c) seven days after *we* offer to pay for the *loss* if the vehicle is:

        (i) a total loss as determined by *us*; or

        (ii) stolen and not recovered.

The amount of any such *daily rental charge* incurred by an *insured* must be reported to *us* before *we* will pay such amount.

c. **Exclusions**

The following is added:

THERE IS NO COVERAGE FOR ANY ***COVERED VEHICLE*** WHILE THE MOTOR VEHICLE IS BEING USED BY A ***TRANSPORTATION NETWORK COMPANY DRIVER*** WHO IS LOGGED ONTO A TRANSPORTATION NETWORK COMPANY'S ***DIGITAL NETWORK*** BUT IS NOT ENGAGED IN A ***TRANSPORTATION NETWORK COMPANY PREARRANGED TRIP*** OR WHILE THE DRIVER PROVIDES A ***TRANSPORTATION NETWORK COMPANY PREARRANGED TRIP*** PURSUANT TO ARTICLE 44-B OF THE VEHICLE AND TRAFFIC LAW.

5. **INSURED'S DUTIES**

a. Item 6. is changed to read:

**Other Duties Under Medical Payments Coverage** and **Death, Dismemberment and Loss of Sight Coverage**

A *person* making claim under Medical Payments Coverage or Death, Dismemberment and Loss of Sight Coverage must:

a. notify *us* of the claim and give *us* all the details about the death, injury, treatment, and other information that *we* may need as soon as reasonably possible after the injured *insured* is first examined or treated for the injury. If the *insured* is unable to give *us* notice, then any other *person* may give *us* the required notice;

©, Copyright, State Farm Mutual Automobile Insurance Company, 2018

b. be examined as reasonably often as *we* may require by physicians chosen and paid by *us*. A copy of the report will be sent to the *person* upon written request;

c. provide written authorization for *us* to obtain medical bills, medical records, and any other information *we* deem necessary to substantiate the claim.

If an injured *insured* is a minor, unable to act, or dead, then his or her legal representative must provide *us* with the written authorization.

If the holder of the information refuses to provide it to *us* despite the authorization, then at *our* request the *person* making claim or his or her legal representative must obtain the information and promptly provide it to *us*;

d. allow *us* to inspect the vehicle that the *insured occupied* in the accident; and

e. submit to *us* all information *we* need to comply with federal and state laws and regulations.

6. **GENERAL TERMS**

a. The first paragraph of **Our Right to Recover Our Payments** is changed to read:

Medical Payments Coverage and Death, Dismemberment and Loss of Sight Coverage payments are not recoverable by *us*. Under all other coverages the following apply:

b. The following are added to **GENERAL TERMS**:

**Newly Owned or Newly Leased Car**

(1) If *you* want to insure a *car* newly *owned by you* with the **State Farm Companies** after that *car* ceases to be a *newly acquired car*, then *you* must either:

(a) request *we* replace the *car* currently shown on the Declarations Page of this policy with the *car* newly *owned by you* and pay *us* any added amount due. If *you* make such request while this policy is in force and:

(i) before the *car* newly *owned by you* ceases to be a *newly acquired car*, then that *car* newly *owned by you* will be insured by this policy as *your car* beginning on the date the *car* newly *owned by you* is delivered to *you*. The added amount due will be calculated based on that date; or

(ii) after the *car* newly *owned by you* ceases to be a *newly acquired car*, then that *car* newly *owned by you* will be insured by this policy as *your car* beginning on the date and time *you* make the request. The added amount due will be calculated based on that date.

However, if the replacement *car* is a *private passenger car*, then this policy will provide Liability Coverage

©, Copyright, State Farm Mutual Automobile Insurance Company, 2018

6128Q.1

regardless of whether **we** are asked to insure it; or

(b) apply to the **State Farm Companies** for a separate policy to insure the **car** newly **owned by you**. Such policy will be issued only if both the applicant and the vehicle are eligible for coverage at the time of the application.

However, if the added **car** is a **private passenger car**, then **we** will issue Liability Coverage regardless of whether the applicant is otherwise ineligible.

(2) If a **resident relative** wants to insure a **car** newly **owned by** the **resident relative** with the **State Farm Companies** after that **car** ceases to be a **newly acquired car**, then the **resident relative** must apply to the **State Farm Companies** for a separate policy to insure the **car** newly **owned by** the **resident relative**. Such policy will be issued only if both the applicant and the vehicle are eligible for coverage at the time of the application.

**Electronic Delivery**

With **your** consent, **we** may, if allowed by law, electronically deliver any document or notice, including a notice to renew, instead of mailing it or delivering it by other means. Proof of transmission will be sufficient proof of notice. This provision does not apply to any notice to nonrenew or cancel.

6128Q.1
©, Copyright, State Farm Mutual Automobile Insurance Company, 2018